IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: VEG LIQUIDATION, INC. f/k/a ALLENS, INC.
and ALL VEG, LLC, Debtors                              No. 5:13-bk-73597
                                                       Jointly Administered
                                                       Ch. 7

R. RAY FULMER II, Chapter 7 trustee                    Plaintiff

v.                              5:16-ap-7017

FIFTH THIRD EQUIPMENT FINANCE CO. et al.               Defendants

## OPINION AND ORDER DISMISSING COMPLAINT

Before the Court is the chapter 7 trustee's complaint filed on February 26, 2016, that alleges that a § 363 sale that was authorized by the Court on February 12, 2014, could have resulted in a higher benefit to the estate had certain disclosures been made to the Court and creditors prior to the sale. As detailed below, on July 1, 2016, in accord with the Court's staging order, the defendants filed their first motion to dismiss the trustee's complaint. On September 29, 2016, the Court granted the motion in part finding there was no fraud on the court or collusion among potential bidders related to the sale and dismissed those causes of action. [doc. 119] The Court was not asked to reconsider its order, nor did the trustee request interlocutory relief. Succeeding that order, on March 20, 2017, the Court ruled on the trustee's motion for sanctions for violation of Federal Rule of Bankruptcy Procedure 2019 that was filed in the debtors' main case. [doc 1535 in 5:13-bk-73597] The Court found that the trustee did not have standing to move for sanctions under Rule 2019. The trustee appealed that order to the Bankrupcty Appellate Panel, but later withdrew the appeal. Now, the Court is ready to opine on the defendant's second motion to dismiss and incorporated request for leave to amend, which was filed on November 2, 2016, in accord with the Court's staging order.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. For the reasons stated below, the Court grants the defendants' motion to dismiss the remainder of the trustee's complaint for two primary reasons: the doctrine of res judicata and the requirement for finality of a § 363 sale. For those same reasons, the Court denies the trustee's incorporated request for leave to file a second amended complaint.

**Background**

Before beginning with a recitation of the law in this area, a review of this case's time line is helpful. The debtors filed their voluntary chapter 11 petition on October 28, 2013. After resolution of a number of PACA issues, on February 12, 2014, the Court entered its order authorizing the sale of the majority of the debtors' assets pursuant to 11 U.S.C. § 363. On June 6, 2014, on motion of the debtor, the Court converted the chapter 11 case to a case under chapter 7 and the chapter 7 trustee was appointed. At that time, the trustee still had eight months within which he could have moved for relief from the sale order under Federal Rule of Bankruptcy Procedure 9024, incorporating Federal Rule of Civil Procedure 60(b)(3). During that eight month period, on October 31, 2014, some of the PACA creditors in the case filed a motion for relief from the sale order under Rule 60(b)(3), to which the trustee filed a response in opposition. In his response, the trustee argued for the Court to abstain from hearing the motion, stating that it was his belief "that a judicial action with respect to the sale previously approved by this Court could very well lead to a situation where creditors remain unpaid and the resulting instability delays rather that expedites payments to creditors." On February 3, 2015, the Court denied the trustee's request to hold the creditors' motion in abeyance. The creditors withdrew their motion on February 27, 2015. No other party filed a timely motion for relief from the authorized § 363 sale order. On February 26, 2016–more than 2 years from the date of the sale–the trustee filed his initial complaint. On April 27, 2016, he filed an amended complaint, the complaint now before the Court.

2

On April 26, 2016, the defendants filed a motion for an order staging procedures in the adversary proceeding. The Court granted the motion on June 2, 2016, and allowed the defendants until July 1, 2016, to file any motions to dismiss the trustee's claims for relief under Federal Rule of Civil Procedure 60, Federal Rule of Bankruptcy Procedure 9024, and 11 U.S.C. § 363(n). The parties were allowed to either include or reserve any defenses that could have been asserted pursuant to Federal Rule of Civil Procedure 12(b) or Federal Rule of Bankruptcy Procedure 7012 pending resolution of the first round motions to dismiss. The defendants timely filed their first motion to dismiss. On September 29, 2016, the Court granted in part and denied in part the defendants' motion. Specifically, for the reasons stated in the order, the Court dismissed the trustee's allegations of (1) fraud on the court under Federal Rule of Civil Procedure 60(d)(3), made applicable by Federal Rule of Bankruptcy Procedure 9024, and (2) collusion under 11 U.S.C. § 363(n). Additionally, the Court stated in its order that it found as a matter of law that § 363(m) was not applicable in this proceeding. The Court will elaborate on its § 363(m) finding below.

On August 18, 2016, the trustee filed a motion for an order imposing sanctions against the defendants for violation of Federal Rule of Bankruptcy Procedure 2019.[1] The trustee's proposed sanctions for the alleged violation, if imposed, would require the Court to significantly alter the previously authorized § 363 sale order. Specifically, the trustee requested the Court to

> [a]mend the Sale Order to rescind or void the findings in Paragraphs O, U, V, W, X, Y, Z, AA, BB, CC, DD, JJ, NN, QQ, RR and SS; Amend the Sale Order to rescind or void the Court's order at Paragraphs 2, 3, 4, 5, 36, 38, 41, 42, and 48; OR . . . Suspend enforcement of the Sale Order concerning the findings in Paragraphs O, U, V, W, X, Y, Z, AA, BB, CC, DD, JJ, NN, QQ, RR and SS; Suspend enforcement of the Sale Order

---

[1] The motion and subsequent response were initially filed in this adversary proceeding. The Court caused the motion and response to be transferred to the debtors' underlying bankruptcy case on November 9, 2016.

3

>concerning the Court's orders at Paragraphs 2, 3, 4, 5, 36, 38, 41, 42, and 48.

The Court denied the motion for lack of standing. It found that the trustee alleged only speculative events that represented potential pecuniary harm and did not suffer an "injury in fact" as required to satisfy Article III standing. The Court also stated in dicta that even if a technical violation of Rule 2019 had occurred, the Court did not believe that sanctions under Rule 2019 would have been appropriate in this instance.

On November 2, 2016, the defendants filed their second motion to dismiss the trustee's complaint based on the Court's staging order. The trustee filed a response in opposition on December 14, 2016, and included in his response a request for leave to file a second amended complaint, which will be addressed below. On January 9, 2017, the defendants filed their reply. Finally, on January 31, 2017, the trustee filed his motion for leave to file a sur-reply to the defendants' reply. The Court denied the trustee's motion to file a sur-reply on March 31, 2017, because the sur-reply either simply restated argument already pending before the Court or made additional arguments that were not responsive to the defendants' reply.

**Dismissal, generally**

Federal Rule of Bankruptcy Procedure 7008 incorporates Federal Rule of Civil Procedure 8. Fed. R. Bankr. P. 7008. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and survive a motion to dismiss under Rule 12(b), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard referenced by the Supreme Court "requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). To survive a motion to dismiss, a complaint must state a plausible claim for relief. "Determining whether a

4

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. When the facts that are pled "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**Res Judicata**

Res judicata is a legal doctrine that precludes the same parties from relitigating issues that could have been raised in a prior action. *Lundquist v. Rice Memorial Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99 (1981)). In this case, the previous action is the motion for an order authorizing and approving the sale of the debtors' assets and the subsequent order. Because the judgment to which the trustee refers is this Court's order, the federal law concerning res judicata applies. *Cook v. Electrolux Home Products, Inc.*, 353 F. Supp. 2d 1002, 1009 (N.D. Iowa 2005) (first forum's judgment is governed by first forum's law). In making a determination whether res judicata prevents the trustee from bringing his action, the Court must consider three elements: "1) whether the prior judgment was entered by a court of competent jurisdiction; 2) whether the prior decision was a final judgment on the merits; and 3) whether the same cause of action and same parties or their privies were involved in both cases." *Lundquist*, 238 F.3d at 977. The first two elements have been met because the trustee's complaint is based on this Court's final order that authorized the sale of substantially all of the assets of the debtor on February 12, 2014, and the alleged actions of the defendants related to that sale.

The third element consists of two sub-parts–the existence of privity between the debtor's creditors and the chapter 7 trustee and the same cause of action in both suits. The Eighth Circuit B.A.P. has recognized that "[p]rivity of parties within the meaning of res judicata means 'a person so identified in interest with another that he represents the same legal right.'" *In re Marlar*, 252 B.R. 743, 755 (B.A.P. 8th Cir. 2000) aff'd, 267 F.3d 749 (8th

Cir. 2001).

Most of the cases that discuss privity within the confines of res judicata also involve prior litigation and the parties that appeared in that litigation. In *Marlar*, for example, the debtor's ex-wife brought an action for fraudulent transfer under Arkansas law against the debtor prior to his bankruptcy filing. The state court denied her complaint. The ex-wife and other petitioning creditors then filed an involuntary chapter 7 petition on behalf of the debtor. The chapter 7 trustee subsequently filed her own fraudulent transfer action in the bankruptcy case and the debtor objected under the theories of res judicata and collateral estoppel. The B.A.P. affirmed the bankruptcy court's finding that res judicata did not prevent the trustee from pursuing her claim. The bankruptcy court recognized that neither the creditors nor the trustee were in privity with the ex-wife in the prior proceedings. The chapter 7 trustee was representing all of the creditors of the bankruptcy estate and those creditors were not parties in the prior action and not bound by the state court's determination.

The B.A.P., referring to a Sixth Circuit opinion, described the role of a chapter 7 trustee in bankruptcy as "the representative of all creditors of the bankruptcy estate . . . not simply the successor-in-interest to the Debtor . . . ." *In re Marlar*, 252 B.R. at 757. The court continued, "Operation of res judicata requires identity of parties. Yet the creditors presently represented by the trustee were not parties to the original action, nor were their interests represented therein. Thus they cannot be bound by the dismissal of the action." *Id.* Because the creditors in the *Marlar* case were not parties in the prior action, the trustee was not barred by res judicata from pursuing the fraudulent transfer claim on their behalf. The ex-wife would only be allowed to share in the trustee's recovery along with other unsecured creditors of the debtor. *Id.* at 758 (citing to the bankruptcy court's opinion).

Prior litigation is not a requisite for res judicata to apply if the issue currently before the court is an issue that could have been raised in the prior action and the parties are so

6

identified in interest that the trustee represents the same legal right that was available in the prior action. Notice of a proposed § 363(b) sale shall be given to all creditors at least 21 days prior to the sale. Fed. R. Bankr. P. 2002(a)(2). According to the Affidavit of Service that was filed with the Court, the debtors' motion for an order authorizing and approving the sale of the debtors' assets was mailed to 4297 creditors on December 30, 2013. The sale occurred on February 12, 2014, more than 21 days later. Those 4297 creditors had the opportunity to object to or otherwise participate in the § 363(b) sale. To the extent the trustee is bringing an action on behalf of those creditors *for any activity that occurred prior to the entry of the Court's order authorizing the sale*, the Court finds that the trustee is in privity with those creditors and is barred from proceeding under the doctrine of res judicata. Res judicata is applicable where the first suit is or could have been brought by the creditors and the second suit is brought by the trustee. Parties to the sale agreement are barred by res judicata; "[w]hat the principal has surrendered, the agent cannot claim." *In re Met-L-Wood Corp.*, 861 F.2d 1012, 1017 (7th Cir. 1988).

On February 11, 2014, the Court held a hearing on the debtors' motion to sell the debtors' assets to the purchaser, Sager Creek Acquisition Corporation [Sager Creek]. At the hearing, the Court stated that it believed the sale to be "good business judgment" and approved the sale. The following day, the Court entered its order authorizing and approving the sale of substantially all of the debtors' assets to Sager Creek in accordance with § 363(b). In its order, the Court included the following findings:

> L. The disclosures made by the Debtors in the Motion, the Bidding Procedures Motion, the Notice of Auction and Sale Hearing and in related documents filed with the Court and/or served on parties in interest concerning the Auction, the Sale and the Sale Hearing were good, complete and adequate. A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein, including, without limitation, the Sale, was given to all interested persons and entities.
>
> M. The Bidding Procedures set forth in the Bidding Procedures Order were non-collusive, proposed and executed in good faith as a result of arm's length negotiations, and were substantively and procedurally fair to all parties. Allens conducted the sale process in accordance with, and has

otherwise complied in all respects with, the Bidding Procedures Order. The Sale process and procedures set forth in the Bidding Procedures Order afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Acquired Assets.

. . . .

O. On February 3, 2014, Allens commenced the Auction in accordance with the terms of the Bidding Procedures Order and the Bidding Procedures. Allens formally closed the Auction on the record on February 6, 2014. Allens and its professionals marketed the Acquired Assets to potential purchasers, both before and during these chapter 11 cases, as set forth in the Motion, the testimony at the hearing on approving the Bidding Procedures Order and the Sale Hearing, and in accordance with the Bidding Procedures Order. As set forth in the Auction Transcript, all of the Acquired Assets were subject to a competitive and good faith bidding process. The Successful Bidder submitted the highest or otherwise best bid for the Acquired Assets offered at the Auction. The Back-Up Bidder submitted the second highest or otherwise best bid for the Acquired Assets offered at the Auction.

. . . .

Y. The consideration to be provided by the Buyer pursuant to the APA: (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the Acquired Assets, and is in the best interests of the Debtors, their creditors and estates; (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the Uniform Fraudulent Conveyance Act (7A part II, U.L.A. 2 (1999)) or the Uniform Fraudulent Transfer Act (7A, part II, U.L.A. 66 (1999)) or any similar laws of any state or other jurisdiction whose law is applicable to the contemplated transactions; and (iv) will provide a greater recovery for the Debtors' creditors and other interested parties than would be provided by any other available alternative. In reaching this determination, the Court has taken into account both the consideration to be realized directly by the Debtors, including the assumption of claims against the Debtors' estates, and the indirect benefits of such Sale for the Debtors' vendors, suppliers, employees, customers and the public served, directly and indirectly, by the Debtors' business. In the case of the Successful Bidder, no other entity or group of entities has offered to purchase the Acquired Assets for greater economic value to the Debtors' estates than the Successful Bidder. In the case of the Back-Up Bidder, no other entity or group of entities other than the Successful Bidder has offered to purchase the Acquired Assets for greater economic value to the Debtors' estates than the Back-Up Bidder.

Z. The Debtors have demonstrated compelling circumstances, and a good, sufficient, and sound business purpose and justification for the Sale of the Acquired Assets outside of the ordinary course of business.  Such business reasons include, but are not limited to the following: (i) the APA constitutes the highest and otherwise best offer for the Acquired Assets; (ii) the APA and the Closing thereon will present the best opportunity under the circumstances (including given the Debtors' liquidity circumstances and capital structure) to realize and maximize the value of the Acquired Assets on a going concern basis and avoid decline and devaluation of the Acquired Assets; and (iii) any other transaction would not have yielded as favorable an economic result.

AA. The Sale outside of a plan of reorganization pursuant to the APA neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization of the Debtors.  The Sale pursuant to the APA does not constitute a sub rosa plan.

BB. The transactions contemplated by the APA are undertaken by Allens and the Buyer at arms' length, without collusion and in good faith within the meaning of section 363(m) of the Bankruptcy Code.  The Buyer is a good faith purchaser under section 363(m) of the Bankruptcy Code and as such, is entitled to all of the protections afforded thereby and otherwise has proceeded in good faith in connection with this proceeding in that:  (i) the Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the Acquired Assets; (ii) the Buyer complied with the provisions in the Bidding Procedures Order; (iii) the Buyer agreed to subject its bid to the competitive bidding procedures set forth in the Bidding Procedures Order; (iv) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed; and (v) the negotiation and execution of the APA and any other agreements or instruments related thereto was in good faith and an arms' length transaction between the Buyer and Allens. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Acquired Assets shall not affect the validity of the Sale of the Acquired Assets to the Buyer.

. . . .

DD. The APA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.

> . . . .
>
> SS. The entry of this Sale Order is in the best interests of the Debtors, their creditors and estates, and other parties in interest.

*Order (A) Authorizing and Approving the Sale of Substantially All of the Assets of Debtor Allens, Inc. Free and Clear of All Liens, Claims, Encumbrances, and Interests; (B) Authorizing and Approving the Asset Purchase Agreement; (C) Approving the Assumption and Assignment of Certain of the Debtor's Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* [doc. 644].

According to the Affidavit of Service that was filed with the Court, the order was mailed to 84 creditors on February 18, 2014. The Court finds that the trustee is in privity with those 84 creditors as well. However, the remedy for those parties, and any other party that had an issue with the Court's order approving the sale that did not receive the sale order, is found under § 363 and Rule 60(b) and (d)/Rule 9024, which will be discussed below. Likewise, any creditor that did not receive notice of the sale under Rule 2002(a)(2) would not be barred by res judicata but would be barred. "A proceeding under section 363 is an *in rem* proceeding. It transfers property rights, and property rights are rights good against the world, not just against parties to a judgment or persons with notice of the proceeding." *In re Met-L-Wood*, 861 F.2d at 1017.

**Rule 60**

The Court's order was a final order subject to appeal. If the sale did not comply with the statute and applicable bankruptcy rules, the sale would have been invalid and could have been set aside on appeal. *In re Met-L-Wood*, 861 F.2d at 1018. However, no party filed a timely notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002, nor did any party file a timely motion to alter or amend the order pursuant to Federal Rule of Bankruptcy Procedure 9023. Once the sale of assets was approved by final order, it was "'a judgment that is good as against the world, not merely as against parties to the proceeding.'" *In re Brook Valley VII, Joint Venture*, 496 F.3d 892, 899 (8th Cir. 2007) (quoting *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 732 (8th Cir. 2004)). After the time to appeal had run, property rights had been transferred and the validity of the

sale was established.

If, as the trustee alleges, a judgment or, in this case, a sale order is obtained by fraud, it can be set aside under Rule 60(b)(3). However, Rule 60(b)(3) places a one-year limitation on motions under (b)(3): "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); Fed. R. Bankr. P. 9024. The trustee did not file his complaint until well after the one-year period had expired.

There is an exception to the one-year limitation that allows a court to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3). However, that provision was the subject of the Court's earlier ruling on the defendants' first motion to dismiss. In that order, the Court found that the trustee had failed to state sufficient facts to support an allegation of fraud on the court and granted the defendants' motion to dismiss any allegation made by the trustee relating specifically to fraud on the court.

The trustee relies on the *Brook Valley* case to argue that Rule 60(b) should not apply in the case before the Court. *See In re Brook Valley VII*, 496 F.3d at 899 (holding Rule 60(b) not applicable in the case because the trustee's action does not directly attack the validity of the foreclosure sale). In *In re Brook Valley*, the bankruptcy court found that two persons who had exclusive control of the chapter 11 DIP as well as control of one other entity kept their ownership interests in the other entity a secret from the court. The two persons, acting on behalf of the bankruptcy estate, consented to the foreclosure sale of estate property, and the court authorized the sale to take place. At the foreclosure sale, the "secret" entity, under the control of the same two persons, purchased the property at a considerable discount without ever disclosing to the court their interest in the secret entity. After all of the debtors' assets were eventually sold, the court converted the case to chapter 7 and appointed a trustee. The trustee investigated the allegations of a third

party concerning the sale and, at the conclusion of his investigation, moved for the court to impose a constructive trust on the proceeds of the sale and any profits earned by the two persons. The two persons argued that the trustee's actions against them amounted to an "impermissible collateral attack on the bankruptcy court's order allowing the debtors to proceed with the foreclosure sale." *In re Brook Valley VII*, 496 F.3d at 899. They argued that the property interests acquired at the foreclosure sale are good against the world and not subject to later attack.[2]

The Eighth Circuit acknowledged that if the trustee had discovered that the order permitting the foreclosure sale to go forward had been obtained wrongfully, then Rule 60(b) would govern the trustee's ability to obtain relief from the final judgment. *Id*. However, the court also stated that Rule 60(b) was not applicable in this situation because the trustee did not attack the validity of the foreclosure sale; instead, the trustee alleged a breach of the fiduciary duty the DIPs owed to the estate and requested that the gains enjoyed by the two persons be placed in a constructive trust and conveyed to the estate. *Id*. In the case before this Court, the trustee has also alleged in the first of his fourteen counts that the "Fiduciary Defendants" that were employed by the debtor breached their fiduciary duty to the debtor for various pre-sale activity that included providing, consenting, dominating, acquiescing, executing, and concealing various actions relating to the debtor and the sale. However, the breach of fiduciary duty alleged by the trustee in this case concerns a third party's alleged duty to the DIP, not the DIP's fiduciary duty to the estate, as was the case in *In re Brook Valley*. In fact, the trustee has not named the DIP as a defendant in this case. Regardless, the sale of the debtor's assets in an authorized § 363(b) sale, "unlike the foreclosure sale at issue in the *Brook Valley*

---

[2] They also argued that the trustee could not pursue his action based on res judicata but that argument failed at the B.A.P. and was not before the Eighth Circuit. The B.A.P. found that it was the actions of the two persons, including lying to the court, that prevented the court from learning the truth prior to it allowing the foreclosure sale to proceed and res judicata did not serve as a bar to the relief sought by the trustee. *In re Brook Valley IV, Joint Venture*, 347 B.R. 662, 670 (B.A.P. 8th Cir. 2006).

case, are entitled to heightened protections." *In re Farmland Indus., Inc.*, 408 B.R. 497, 509 (B.A.P. 8th Cir. 2009). Those heightened protections are found within § 363 [finality] and Rule 60 [relief from judgment] and together prevent a collateral attack on property rights acquired at a sale.

**Sections 363(m) and (n)**

Absent appeal of the court's § 363(b) sale order, subsections (m) and (n) provide the safeguards for both a good-faith purchaser and for the trustee or DIP. Section § 363(m) is applicable to the good-faith purchaser. It states that

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

In other words, § 363(m) "prevents a modification or reversal of a bankruptcy court's order authorizing the sale of the debtor's assets from affecting the validity of the sale." *In re Trism, Inc.*, 328 F.3d 1003, 1006 (8th Cir. 2003); *In re Farmland Indus., Inc.*, 408 B.R. at 508. A challenge to a sale order is moot under § 363(m) if two requirements are satisfied: (1) no party obtained a stay of the sale pending appeal and (2) "'reversing or modifying the authorization to sell would affect the validity of the sale or lease.'" *In re Trism*, 328 F.3d at 1006-07 (quoting *Cinicola v. Scharffenberger*, 248 F.3d 110, 122 (3d Cir 2001)). In the Court's earlier order granting the defendant's first motion to dismiss, the Court briefly addressed § 363(m) by stating that no party had appealed the Court's sale order and that "[w]ithout an order reversing or modifying a § 363 sale order on appeal, § 363(m) can provide no relief to the trustee. *See Holsinger v. Hanrahan* (*In re Miell*), 439 B.R. 704, 708 (B.A.P. 8th Cir. 2010). To the extent the trustee intends (or intended) to proceed under § 363(m), the Court finds as a matter of law that § 363(m) is not applicable in this proceeding."

13

Because § 363(m) concerns the importance of finality in judicial sales in bankruptcy, even if a suit does not clearly seek to rescind the sale or change the terms of the sale, it may be a "thinly disguised collateral attack on the judgment confirming the sale." *In re Met-L-Wood*, 861 F.2d at 1018. A collateral attack has been described in a variety of ways. In *In re Met-L-Wood*, the Seventh Circuit described it as "seeking heavy damages from the seller, the purchaser, the purchaser's purchaser (Pipen), a law firm involved in the transaction, and the secured creditors that benefitted from the sale . . . ." *Met-L-Wood*, 861 F.2d at 1018. The Eighth Circuit recognized that a challenge to a related provision that is integral to the sale of the assets is a challenge to an order authorizing the sale of the debtor's assets when the provision is so closely linked to the sale that changing the provision alters the parties' bargained-for exchange. *In re Trism*, 328 F.3d at 1007. Similarly, the Eighth Circuit B.A.P. found that a claim against proceeds of a sale was not valid because the claim attacked an "integral and essential provisions of the sale order, which would, if overturned, thwart the purposes of § 363(m) by calling the validity of the sale into question." *In re Farmland Indus.*, 408 B.R. 497 at 508-09 (citing *Jefferson Co. v. Halverson* (*In re Paulson*), 276 F.3d 389, 392 (8th Cir. 2002)). Finally, as stated in an unpublished opinion from a Federal District Court, it does not matter that an action is not labeled a collateral attack "as long as it is attempting to seek damages caused by a transaction authorized by the order." *Orland Acquisitions, LLC v. Hilco Indus., LLC*, No. 1:08 CV 58, 2010 WL 987223 *8 (N.D. Ind. March 15, 2010).

Every one of the trustee's fourteen causes of action refer in some way to the auction, bid procedures, notice of sale, transfer of assets pursuant to the sale order, or other Court approved activity. Although the trustee assures the Court that he is only bringing an action for damages,[3] the Court finds that every cause of action that has not otherwise been withdrawn or previously denied by this Court is a collateral attack on this Court's

---

[3] Pl.'s Opposition to Participating Defs.' Mot. to Dismiss [doc. 92] states: "Plaintiff brings only an action for damages. If the court overturns the Sale Order, it is not because the Plaintiff prayed for that remedy."

14

authorized § 363 sale order that was entered on February 12, 2014. For example, paragraphs 98 and 99 of the complaint state:

> 98. Due to Defendants' concealment of their adverse domination of, interference with, collusion concerning the auction, and subsequent fraud on the court, Defendants breached their legal duties to the Court, to the constituent unsecured creditors and to the Debtors' estate.
> 99. In doing so, the Defendants engaged in a fraudulent transfer which divested the estate of no less than $74 million in avoidance actions, and up to $32.9 million of real and personal property.

To the extent the trustee is alleging that fraud was involved, his remedy is under Rule 60, not § 363(m).

In the Court's earlier order granting the defendant's first motion to dismiss, the Court found there was no basis for the Court to find that any potential bidders under § 363(n), as that term is defined by the Eighth Circuit, entered into an agreement to control the price at bidding during the auction sale. Without any facts to allow the Court even to "infer more than the mere possibility of misconduct," the Court found that the trustee was not entitled to the relief requested under § 363(n) and dismissed any allegation made by the trustee relating specifically to that section of the bankruptcy code.

**Amended Complaint**

The final matter before the Court is the trustee's incorporated request for leave to file his second-amended complaint. The trustee filed his first amended complaint on February 26, 2016, and the defendants filed their first timely motion to dismiss on July 1, 2016. On September 29, 2016, the Court dismissed the trustee's fraud on the court and collusion causes of action. The trustee did not file a motion to reconsider that order or request interlocutory review. On October 25, 2016, without leave of the Court, the trustee filed his second-amended complaint. The Court struck that complaint on October 27, 2016, and the trustee took no further action. The defendants filed their second motion to dismiss on November 2, 2016. The trustee responded to that motion to dismiss on December 14, 2016, and, at that time, incorporated his request to file another amended

15

complaint. It is against this backdrop that the Court now rules.

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be freely given by the court when justice so requires. *Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650 (8th Cir.1996); Fed R. Civ. P. 15(a). To amend, however, requires a showing that "such an amendment would be able to save an otherwise meritless claim. *Id.* (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir.1999)). A review of the amended complaint discloses additional causes of action related to the sale agreement and auction procedures plus an extensive recitation of facts related to the alleged Rule 2019 violation, additional bidding and sale facts, and another claim for Fraud on the Court.

The Court has already dismissed the trustee's claim of Fraud on the Court and the trustee did not move the Court to reconsider that order or ask for interlocutory review. Likewise, the Court has already found that the trustee does not have standing to bring the alleged Rule 2019 violation and even if he did, the Court stated in dicta that sanctions would not be appropriate. Although the trustee filed a notice of appeal of that order, he later withdrew the notice. Finally, the additional facts that the trustee has now added to his complaint do not change the Court's analysis concerning res judicata or the finality of the authorized § 363 sale order, which was entered over three years ago. In summary, the Court finds that the trustee's second-amended complaint would not survive a motion to dismiss under Rule 12(b) and denies the trustee's incorporated request for leave to file the second-amended complaint based on the futility of the amendment.

For the above reasons, the Court grants the defendants' second motion to dismiss and dismisses the trustee's remaining causes of action.

IT IS SO ORDERED.

/s/ Ben Barry
Ben Barry
United States Bankruptcy Judge

cc: All interested parties

Dated: 05/02/2017